UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMIE JOHNSON MORROW,<br>            Plaintiff,<br>    v.<br>TRAVELADE, INC.,<br>            Defendant. | Case No. 23-cv-04593-NC<br><br>**FURTHER ORDER TO SHOW CAUSE RE: PLAINTIFF'S DAMAGES**<br><br>Re: ECF 14 |

The Court previously issued an Order to Show Cause for Plaintiff to supplement her damages contentions. ECF 20. Specifically, the Court ordered additional information on (1) Plaintiff's prior rates and/or sales as a professional photographer, and (2) the parameters on Getty Images used to generate the licensing fee. *Id.* at 2. Plaintiff filed a response. ECF 21. However, this response, coupled with additional issues, fails to ameliorate the Court's concerns regarding Plaintiff's calculation of damages.

A plaintiff seeking default judgment "must also prove all damages sought in the complaint." *Dr. JKL Ltd. v. HPC IT Educ. Ctr.*, 749 F. Supp. 2d 1038, 1046 (N.D. Cal. 2010). Courts are receptive to basing actual damages on licensing fee multiplier calculations. *See Reiffer v. Shearwater Pac. Cap. Mgmt. LLC*, No. 18-cv-06053-JSW (RMI), 2020 WL 7048307, at *7 (N.D. Cal. May 13, 2020).

The Court notes two issues Plaintiff must address. First, in response to the Court's

1  request for additional information concerning her rates, Plaintiff states she has "no prior
2  licenses" nor have any other potential infringement disputes been resolved.  ECF 21 at 2.
3  Without any further support, Plaintiff asserts a licensing rate on par with "the leading stock
4  photography agency."  ECF 14-2, Declaration of Jamie Morrow ("Morrow Decl.") ¶ 21.
5  As stated in a similar case: "[w]hile Plaintiff may be proud of [her] own photographic
6  accomplishments, [she] makes no showing that [she], as a relative unknown, can command
7  fees comparable to the 'industry leader.' " *McDermott v. El Sol Media Network, Inc.*, No.
8  22-cv-999-PGB (DAB), 2023 WL 2931277, at *4 (M.D. Fla. Feb. 8, 2023).  Thus, Plaintiff
9  must allege additional facts showing she could command a comparable price to Getty
10 Images.
11        Second, Plaintiff's parameters on the Getty Images website appear unsuited for the
12 facts of this case.  Notably, Plaintiff's use of the "Advertorial" input.  *See* Morrow Decl. ¶
13 21, Ex. 2.  This selection covers "[u]se in an editorial style article (any placement – print or
14 electronic) intended to indirectly promote a product or service."  *Id.*  Merriam-Webster
15 defines the noun "editorial" as "a newspaper or magazine article that gives the opinions of
16 the editors or publishers" or "an expression of opinion that resembles such an article."
17 Merriam-Webster, Definition of Editorial, https://www. https://www.merriam-
18 webster.com/dictionary/editorial (last visited Feb. 16, 2024).  In support of this
19 designation, Plaintiff simply asserts "that advertorial use is appropriate as Defendant
20 utilized the photograph to promote the sale of its trip."  ECF 21 at 2.  However,
21 Defendant's offending webpage is not an article, nor does it express any opinion.  *See* ECF
22 1, Ex. 2.  Therefore, Plaintiff must include additional information justifying the use of this
23 parameter.
24        Based on the foregoing, Plaintiff may either file a supplemental response addressing
25 these issues or seek leave to file an amended motion for default judgment.  Plaintiff's
26 response must be filed by February 23, 2024.
27 / / /
28 / / /

**IT IS SO ORDERED.**

Dated: February 16, 2024                    _____
                                            NATHANAEL M. COUSINS
                                            United States Magistrate Judge